IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## MELISSA BARNETT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Polk County**
**No. 04-092    R. Steven Bebb, Judge**

**No. E2004-02771-CCA-R3-PC - Filed December 5, 2005**

The petitioner, Melissa Barnett, appeals the trial court's order denying post-conviction relief. The state has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. The petition is barred by the statute of limitations and was properly dismissed. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Melissa Barnett, Memphis, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Stephen Crump, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In July 1991, the petitioner was convicted together with a co-defendant for murder in the first degree and conspiracy to commit murder in the first degree in the death of the petitioner's father. The petitioner was sentenced upon these convictions to terms of life and twenty-five (25) years, respectively, with the sentences ordered served concurrently. See State v. David Honey and Melissa Barnett, No. 03-01-9202-CR-00042 (Tenn. Crim. App. Feb. 17, 1993), app. denied (Tenn. June 1, 1993). On May 10, 2004, the petitioner filed a petition seeking post-conviction relief alleging newly discovered evidence. More specifically, she alleged that her co-defendant, David Honey, had obtained post-conviction relief and in obtaining a new plea bargain had admitted to committing the murder for which she was also convicted. Although acknowledging that the petition was untimely filed, the petitioner alleged that this new evidence entitled her to present her post-conviction claims. On September 14, 2004, the trial court dismissed the petition as time-barred. As the state correctly observes, the petitioner's November 15, 2004, notice of appeal was untimely filed. See Tenn. R.

App. P. 4(a). The state, however, does not move for dismissal and this court in its discretion waives the filing of the notice of appeal in the interest of justice. Id.

Tennessee Code Annotated Section 40-30-102 (a) provides that a person must petition for post-conviction relief within one year of the date on which the judgment became final or consideration of the petition will be time-barred. The statute emphasizes that time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Tenn. Code Ann. § 40-30-102(a). The petition in this case was filed well beyond the one-year statute of limitations. Section 40-30-102 (b) provides specific, limited exceptions which allow consideration of a petition filed outside the limitations period. Subsection (b)(2) provides that an untimely petition may be considered where the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted. In the present case, the petitioner submits that the filing of a petition, "however late," reflects her good-faith effort to comply with the statute of limitations and adds that the limitations period had already expired at the time she obtained new evidence in the form of her co-defendant's post-conviction petition in which he admitted to the commission of the crime. The court concludes, however, that the petitioner's claim does not constitute newly discovered scientific evidence establishing her actual innocence of the conviction offense as contemplated by the statute. Therefore, she is not entitled to consideration of her untimely petition.

Based on our review of the record, pleadings and relevant law, this court concludes that the trial court properly dismissed the petition as statutorily time-barred. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
Norma McGee Ogle, Judge

-2-